This is a suit for divorce on the ground of adultery, alleged to have been committed by the defendant with the co-respondent *Page 60 
on February 24th, 1924, in the apartment of a family with whom the alleged co-respondent and her two young children lived, it is asserted, as boarders. The evidence discloses that on the evening of the date referred to the petitioner, in company with two detectives and two women friends, gained entrance to the apartment mentioned, and there found the defendant in company with the co-respondent. According to certain portions of the testimony both were in night clothes, and there was a daybed or couch in the room which showed evidence of having been recently occupied. The two children of the co-respondent were in bed in another room, opening off the room in which the defendant and the co-respondent were found. In a bedroom opening off the kitchen in the rear, the young son of the persons to whom the apartment belonged was in bed. The father of the boy was also present in the apartment, but the mother was absent, although it appears that she was expected home at any moment, and, in fact, arrived while the petitioner and her companions were still there. The testimony of the petitioner's witnesses differs somewhat in the details as to the whereabouts of the father of the boy, and also as to just what was observed and what took place in the apartment upon the arrival of the petitioner and her companions, but the father was later found in the bed with the two children of the co-respondent, where he either had been, or to which he hastened upon the arrival of the visiting party. The presence of the defendant in the apartment with the co-respondent is not denied nor is it explained. Upon the arrival of the petitioner, she said to her husband, "I have got you now," and he then turned to the co-respondent and said, "I will take care of you, Agnes." This is not controverted. Defendant's automobile was seen frequently, day and night, in front of the apartment in which the co-respondent boarded, and upon one occasion the defendant and the co-respondent were seen together on Bergenline avenue "arm in arm."
Much stress is placed by the defendant upon the improbability of the petitioner's case and the lack of credibility of her witnesses. It seems to me, however, that, regardless of the *Page 61 
slight divergence in the testimony as to the details, the situation disclosed to the raiding party, and the accompanying circumstances, are clearly indicative of the guilt of the defendant, and I am convinced, in the exercise of the guarded discretion and judgment which should form the basis of the court's determination in matters of this character, that the misconduct of the defendant, as charged, has been established by the evidence beyond a reasonable doubt.
I will therefore advise a decree of divorce in favor of the petitioner and against the defendant in accordance with these views.